IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TONYA STOLTZ,

    Petitioner,

v.                                                      No. 1:16-cv-01237-JDB-egb
                                                           No. 1:15-cr-10013-JDB-1

UNITED STATES OF AMERICA,

    Respondent.

ORDER DIRECTING LIMITED EXPANSION OF THE RECORD

On August 29, 2016, Petitioner, Tonya Stoltz, filed a *pro se* motion pursuant to 28 U.S.C. § 2255 ("Petition"). (Case Number ("No.") 16-cv-1237, Docket Entry ("D.E.") 1.)[1] Respondent, United States of America, filed an amended answer to the Petition, (D.E. 27), and Stoltz filed an amended reply, (D.E. 28). For the reasons that follow, the Court determines that limited expansion of the record with regard to Claim 6 of the Petition is warranted.

**BACKGROUND**

In March 2015, a federal grand jury returned a one-count indictment against Petitioner charging a violation of 21 U.S.C. § 841(a)(1). (No. 15-cr-10013, D.E. 14.) Represented by attorney Robert Thomas, Stoltz appeared before the Court on October 14, 2015, and pled guilty to the single count of the indictment. (*Id.*, D.E. 53.) Pursuant to the plea agreement, Petitioner waived her right to an appeal, except in narrow circumstances. (*Id.*, D.E. 54 at PageID 128-29.)

---

[1] Hereafter, record citations to Petitioner's civil case, No. 16-cv-1237, will contain only the D.E. number and, where appropriate, the PageID number. Record citations to Stoltz's criminal case, No. 15-cr-10013, will be designated by the case number and D.E. number.

1

The Court conducted a sentencing hearing on March 4, 2016, and sentenced Stoltz to ninety months' incarceration, followed by three years of supervised release. (*Id.*, D.E. 73.) She did not take a direct appeal.

The inmate timely filed her Petition in August 2016. (D.E. 1.) She asserts that Thomas rendered ineffective assistance in six respects: He failed to adequately investigate her case, resulting in a "coerced" guilty plea (Claim 1); failed to move to suppress her statements to law enforcement (Claim 2); had a conflict of interest (Claim 3); failed to adequately advocate on her behalf at sentencing (Claims 4 and 5); and failed "to advise petitioner in an appeal" (Claim 6). (D.E. 1 at PageID 4-13.)

## DISCUSSION

Respondent argues that the Petition should be denied because all of Stoltz's claims are without merit. (D.E. 27 at PageID 366-73.) With regard to Claim 6 in particular, the Government asserts that the record in Petitioner's criminal case and Thomas's affidavit establish that counsel did not render ineffective assistance as to an appeal. (*Id.* at PageID 371-72.) According to the affidavit, Stoltz never asked to appeal her sentence. (*Id.* at PageID 372 (citing D.E. 27-1 at PageID 376-77).) Petitioner concedes that she never expressly directed counsel to file an appeal, but asserts that he rendered ineffective assistance by failing to consult with her about an appeal after sentencing. (D.E. 1 at PageID 13.)

An ineffective assistance claim is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To succeed on such a claim, a petitioner must prove two elements: (1) that counsel's performance was deficient and (2) "that the deficient performance prejudiced the defense." *Id.*

In *Roe v. Flores-Ortega*, the United States Supreme Court announced that *Strickland*'s test applied to claims "that counsel was constitutionally ineffective for failing to file a notice of appeal." 528 U.S. 470, 477 (2000). The Court held that a federal criminal attorney who fails to file a timely notice of appeal after a request by his client performs deficiently. *Id.* Moreover, prejudice is presumed, and the defendant need not show that "h[er] appeal would likely have had merit." *Id.* (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)). The Court in *Flores-Ortega* also extended *Strickland* to cases where "the defendant did not clearly express [her] wishes one way or the other as to whether [she] wanted to file an appeal." *United States v. Lovell*, 83 F. App'x 754, 758-59 (6th Cir. 2003) (citing *Flores-Ortega*, 528 U.S. at 477). In such a circumstance, counsel renders ineffective assistance where he had a duty to consult with the defendant about an appeal but did not did so, and the failure prejudiced the defendant. *Flores-Ortega*, 428 U.S. at 480-81.

In addressing a failure-to-consult claim, a court must first determine whether counsel "consulted with the defendant about an appeal." *Lovell*, 83 F. App'x at 758 (quoting *Flores-Ortega*, 428 U.S. at 478). "Consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478. If the attorney did not consult with the defendant about an appeal, the question becomes whether counsel had an "absolute duty to consult." *Lovell*, 83 F. App'x at 758. Such a duty "exists only where (1) a rational defendant would want to appeal, because of, for example, the existence of non-frivolous grounds for appeal, or (2) the defendant in question reasonably demonstrated to counsel that [she] was interested in appealing." *Id.* Counsel's "[f]ailure to consult in those circumstances constitutes deficient performance." *Id.*

3

To determine whether a rational defendant would have wanted to appeal, or whether the defendant reasonably expressed to counsel an interest in appealing, a court must take numerous factors into account, including whether the defendant pled guilty and whether she waived her appeal rights:

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Flores*-Ortega, 528 U.S. at 480.

If the defendant demonstrates that counsel performed deficiently, "the second component that must be explored is whether [she] was prejudiced by [her] counsel's deficiency . . . ." *Lovell*, 83 F. App'x at 758 (citing *Flores-Ortega*, 528 U.S. at 481). The defendant can show prejudice "by putting on evidence that had counsel consulted with [her], there is a reasonable probability that the defendant would have appealed . . . or by pointing out the existence of non-frivolous grounds for appeal." *Id.* (citing *Flores-Ortega*, 528 U.S. at 484). Where there are no non-frivolous grounds for appeal, "evidence of some sort must be adduced to demonstrate that [the defendant] would have actually appealed had [she] been consulted." *Id.* at 759 (citing *Flores-Ortega*, 528 U.S. at 486). Proof that the defendant "would have" appealed "requires something more" than a mere showing that "[she] expressed 'an interest' in appealing," despite sufficing to meet the deficient-performance prong. *Id.*

The question raised by Claim 6, here, is whether Thomas was constitutionally required to consult with Stoltz regarding an appeal and, if so, whether his failure to do so prejudiced her.

4

Upon review of the parties' submissions, the Court concludes that limited, additional development of the record is warranted.

In his affidavit, Thomas avers that "Ms. Stoltz never requested that [he] file an appeal on her behalf in connection with her criminal case." (D.E. 27-1 at PageID 376.) He further states that "[a]lthough [he] ha[d] received several letters from Ms. Stoltz and calls from her family since her sentencing, Ms. Stoltz had not communicated any desire to appeal her sentence prior to the filing of the instant petition." (*Id.* at PageID 376-77.) Counsel does not deny that he did not consult with Stoltz about an appeal following sentencing.

Petitioner alleges that Thomas did not consult with her about an appeal at any time following her sentencing. (D.E. 1 at PageID 13; D.E. 1-2 at PageID 50.) She states that counsel simply left the courtroom after sentencing and never contacted her again. (D.E. 1-2 at PageID 50.) She claims that counsel acknowledged to her father in the courthouse hallway that she had received a much higher sentence than anyone anticipated, but did nothing to advise her about an appeal. (*Id.*) Exhibits attached to Petitioner's amended reply show that she complained to the state board of professional responsibility that "[a]fter sentencing [counsel] walked out of the courtroom and until [Petitioner] contacted the Tennessee State Bar Association, there were no responses to" letters and phone calls from Petitioner and her father. (D.E. 28-1 at PageID 403, 407, 410.) Stoltz also cites to "Ex. 15, C, D, E, and F" as evidence of "unresponded correspondence" that she believes supports Claim 6. (D.E. 28 at PageID 389.)

Under Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Habeas Rules"), a court "may direct the parties to expand the record." Habeas Rule 7(a). In the present case, the record adduced thus far raises the question of whether "this particular defendant reasonably demonstrated to counsel that [s]he was interested in appealing."

5

*Flores-Ortega*, 528 U.S. at 480.  However, the record is not sufficiently developed for the Court to resolve the issue or to determine if there is a material factual dispute that would require an evidentiary hearing.  As noted, Thomas acknowledges in his affidavit that he received communications from Petitioner's family members following sentencing.  (D.E. 27-1 at PageID 376-77.)  He does not, however, describe the content or time frame of those communications.  (*See id.*)  It is also not clear from Stoltz's exhibits whether the communications or attempted communications initiated by Petitioner and her family members pertained only to her preparation of the Petition or also contain statements or questions that would have suggested to counsel in a timely manner that she was interested in appealing her conviction and sentence.  The dates of some of the communications are also not clear from either the exhibits or the allegations.  Petitioner's reliance on "Ex. 15, C, D, E, and F" as evidence of "unresponded correspondence" in support of Claim 6 also raises the possibility of relevant communications, but the Court is unable to locate an Exhibit 15(f) in the record.  (D.E. 28 at PageID 389; *see* D.E. 2-2 at PageID 95, 98-100.)

Accordingly, expansion of the record is warranted.  Expansion shall be limited at this time, however, to the submission of correspondence, other documentary evidence, and affidavits.  *See* Habeas Rule 7(b) (Materials on expansion of record may include letters, documents, and affidavits.).  Because Petitioner carries the burden to establish the timing and nature of the communications and attempted communications with Thomas, she is DIRECTED to:

1. Submit copies of written correspondence from Petitioner or her family members to Thomas, and any correspondence received from Thomas or his office, that Petitioner believes supports Claim 6; and

2. If applicable, submit affidavits from any individuals with personal knowledge of other forms of communication or attempted communication with Thomas, and any responses by Thomas or his office, that Petitioner believes support Claim 6.

Affidavits must attest to the dates and the substance of the communications or attempted communications.

Petitioner's submissions are due within forty-five (45) days of the entry-date of this order. Respondent may file additional documentary evidence or a supplemental affidavit in response to Petitioner's submissions within thirty (30) days of filing.

The parties shall not file additional memoranda. If necessary, the Court will order additional briefing or set the matter for an evidentiary hearing.

IT IS SO ORDERED this 16th day of November 2017.

                                    s/ J. DANIEL BREEN
                                    UNITED STATES DISTRICT JUDGE